**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CLEVELAND HUGHES                              :

    Petitioner                              :

    v                                              :          Civil Action No. L-05-2595

STATE OF MARYLAND                         :

    Respondent                            :

                                    o0o

## MEMORANDUM

On September 15, 2005, Cleveland Hughes ("Hughes") filed a "Motion Under Rule 27 of the

Federal Criminal Code and Rules of Procedure."  In that motion, Hughes attacks the validity of his

sentence.  A motion filed pursuant to 28 U.S.C. § 2254 is the proper vehicle to assert this challenge.  See

Calderon v. Thompson, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a

petitioner's description which determines its status).  Accordingly, Hughes's filing will be construed as

a motion to vacate, set aside, or correct a sentence under § 2254.  For the following reasons, the Court

will, by separate Order, DISMISS the petition.

On November 12, 1981, a Montgomery County, Maryland jury tried Hughes and found him

guilty of first degree rape, robbery, daytime housebreaking, and battery.  He was sentenced to life

imprisonment without the possibility of parole and two consecutive ten-year sentences.

On September 29, 1992, Hughes filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, challenging his conviction on numerous grounds, including a claim that the State violated the

Interstate Agreement on Detainers Act ("IADA").  See Hughes v. Smith, Civil Action No. N-92-2738,

Docket No. 13 (D. Md. 1993).  The claim regarding the IADA was decided on the merits in a Report

and Recommendation rendered by a magistrate judge and adopted by the Honorable Edward S. Northrop

in a Memorandum dated August 18, 1995.  Id., Docket No. 28.  The claim raised in the instant petition is

identical to the IADA claim Hughes raised in his previous petition before this Court.[1]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, before this Court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to consider Hughes's application for habeas corpus relief.  28 U.S.C. §2244(b)(3)(A); see In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

The United States Court of Appeals for the Fourth Circuit has written extensive instructions to guide petitioners who want to obtain an order to allow a successive petition.  This Court will provide Hughes with these instructions. The Court will not examine Hughes's claims until he obtains authorization from the Fourth Circuit.

At the present time, Hughes has not complied with this "gatekeeper" provision; therefore, his pending application for habeas corpus relief must be dismissed.


Dated this 30th day of January, 2006.



_____/s/_____
Benson Everett Legg
Chief Judge

---

[1] Hughes was originally brought to Maryland from Illinois to stand trial on charges contained on five indictments for rape, attempted rape, and other charges.  The state court ultimately dismissed the indictments for failure to comply with the IADA.  While Hughes was still in the custody of Montgomery County, however, he was charged with rape and related crimes in a separate case which had not been included in the prior five indictments.  See Hughes v. Smith, Civil Action No. N-92-2738, Docket No. 13 (D. Md. 1993).  Those new charges led to the conviction that is the subject of both of Hughes's petitions.